## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**CHRISTOPHER TROY JONES**                                                      **PLAINTIFF**
**ADC #132478**

**v.**                              **Case No.: 5:07CV00076-SWW-BD**

**CHARLES FREYDER, et al.**                                                      **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.        Procedure for Objecting**

The following proposed findings and recommended disposition has been sent to

United States District Judge Susan Webber Wright.  Any party may serve and file written

objections to this recommendation.  Objections should be specific and should include the

factual or legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and one

copy of your objections must be received in the office of the United States District Clerk

no later than eleven (11) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.    Introduction

Plaintiff is currently confined to the Varner Unit of the Arkansas Department of

Correction ("ADC").  On November 13, 2006, Plaintiff submitted an informal resolution

complaining that, "[t]he Chaplain is refusing me study and worship time with my fellow

kinsmen.  All other religions are allowed worship or study time, and the chaplain refuses

to get a program started for wotanist."  The chaplain responded that under ADC policy,

religious groups are not allowed to meet unless they have a "free-world sponsor" and that

because Plaintiff's group did not have such a sponsor, it would not be allowed to meet.

On November 17, 2006, Plaintiff filed a grievance again claiming that the chaplain

refused him study and worship time with his fellow kinsmen.  He also complained that he

still did not have "required" items for religious study.  The warden responded again,

pointing out that ADC's Chaplain Policy 605 ("the Policy") does not permit religious

services to be held unless a free-world sponsor is present so that the inmates maintain

order, and that there was not a sponsor available.  Plaintiff appealed to the

Deputy/Assistant director who also cited the Policy and advised him that until a wotanist

sponsor was available, Plaintiff would not be allowed to conduct services.

Plaintiff filed the instant Complaint (docket entry #2) under 42 U.S.C. § 1983

claiming that he is being "denied religious freedom" because he is "not allowed study or

worship time with others of [his] faith."  He also claims he is not allowed his religious

materials including "books, runes, and necklaces."  Plaintiff filed an Amended Complaint

(#7) again claiming that he was not being allowed to meet with other wotanists for services and claiming he had not been allowed to make a necklace which is required by his religion to use for meditation.  He also claimed that Defendant Freyder was treating wotanists different from other religions.

Defendants filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment (#14) claiming that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies against the named defendants, and by the doctrine of qualified immunity.  The Court entered an order notifying Plaintiff of its intention to construe the Defendants' motion as one for summary judgment and directed the Plaintiff to file a response attaching opposing or counter-affidavits that evidence a genuine issue of material fact.  In his response (#24), Plaintiff admits that he did not properly exhaust his administrative remedies against Defendants Larry Norris and Eddie Sensat and asks the Court to dismiss his claims against these Defendants.  Plaintiff argues, however, that he did exhaust and has stated a claim against Defendant Freyder.

The Court recommends that the District Court GRANT the Motion for Summary Judgment of Defendants Norris and Sensat for Plaintiff's failure to exhaust his administrative remedies.  Additionally, for the reasons set forth below, the Court recommends that the District Court also GRANT Defendant Freyder's Motion for Summary Judgment.

### III.   Discussion

A.   *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir.1995))).  If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party bears the burden of proof at trial, summary judgment should be granted.  See *Celotex,* 477 U.S. at 322.  "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

B.      *Failure to Exhaust Administrative Remedies*

Under the Prison Litigation Reform Act ("PLRA"), "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In their Motion for Summary Judgment, Defendants argue that Plaintiff did not exhaust his administrative remedies as to Defendants Norris and Sensat.  In his response to the motion, Plaintiff admits he did not fully exhaust his administrative remedies against these Defendants and asks that they be dismissed from the lawsuit.  Accordingly, the Court recommends that the District Court GRANT Defendants Norris and Sensat's Motion for Summary Judgment.

C.      *First Amendment*

Reading his complaint liberally, Plaintiff claims that the Policy, which prohibits inmates from holding religious services unless an approved free world sponsor is present and in charge, substantially interferes with his right to free exercise of religion under the First Amendment.

The First Amendment provides that no law shall prohibit the free exercise of religion.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).  A prison regulation is valid, even if it restricts an inmate's constitutional rights, if it is "reasonably related to legitimate penological interests."  *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982 (8th

Cir. 2004) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  Courts evaluating a

prisoner's First Amendment claim first must consider whether the challenged

governmental action infringes upon a sincerely held religious belief.  *Murphy*, 372 F.3d at

983.  Then, the court must apply a reasonableness test "less restrictive than that ordinarily

applied to alleged infringements of fundamental constitutional rights."  *O'Lone v. Estate*

*of Shabazz*, 482 U.S. 342, 349 (1987).

In *Tisdale v. Dobbs*, 807 F.2d 734 (8th Cir.1986), the Court of Appeals for the

Eighth Circuit considered a regulation, similar to the one at issue here, that prohibited

inmates from holding religious services unless a free-world sponsor was present and in

charge.  *Id*. at 736.  The Court affirmed the trial court's conclusion that the regulation was

prompted by a reasonable, legitimate concern for institutional security.  *Id*. at 738.  The

ADC has a compelling interest in institutional security and it's Policy is reasonable given

that interest.  *Murphy*, 372 F.3d at 988.  Because the Eighth Circuit Court has held that

this type of Policy does not violate the First Amendment, and the ADC is not denying

Plaintiff exercise of his religion but merely enforcing a constitutional policy, Plaintiff's

claim must fail.

Plaintiff raises two other issues in his response to Defendants' Motion for

Summary Judgment.  First, Plaintiff claims that the book Poetic Edda, runes, and Thor's

hammer necklace, which he claims are necessary materials to the practice of his religion,

have been improperly banned at the Varner Unit.  The Court cannot consider this claim

for two reasons.  While the Plaintiff did at one point in the grievance process claim that

Defendants had not given him these "required" items of his religion, he did not file a

grievance claiming that these items were being improperly banned by the ADC.

Moreover, Plaintiff has failed to produce any evidence of a ban of these items, other than

the broad assertions he makes in his Amended Complaint (#7) and Response to the

Motion for Summary Judgment (#24).

Second, Plaintiff asserts, without providing any supporting affidavits, that the

Policy is being unequally applied by the BOP because inmates of "mainstream" religions

such as Christianity, Islam, and Judaism are permitted to meet without a freeworld

sponsor.  While this allegation, if true, might support an Equal Protection claim, Plaintiff

has not met his burden of providing the Court with admissible evidence establishing that

he is being treated differently from similarly situated inmates.  Again, Plaintiff's broad

assertions do not create a genuine issue of material fact to survive Defendants' motion for

summary judgment.

The Court finds that Plaintiff has not presented any evidence to raise a genuine

issue of material fact on these issues and has not grieved that his religious materials have

been improperly banned.  Accordingly, these claims do not survive Defendant Freyder's

motion for summary judgment.

**IV.     Conclusion**

It is therefore recommended that the District Court GRANT Defendants'

Alternative Motion for Summary Judgment (#14), DISMISS Plaintiff's Amended

Complaint against Defendants (#7) with prejudice, and order that the case be closed.

Dated this 7th day of December, 2007.


_____
UNITED STATES MAGISTRATE JUDGE